**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 24 2024

FOR THE NINTH CIRCUIT

ESTEFFANY BRUNO FERREIRA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-2096

Agency No.
A097-336-603

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Esteffany Bruno Ferreira, a native and citizen of Brazil, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely, where it was filed over 18 years after the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), and petitioner has not established changed country conditions in Brazil to qualify for an exception to the filing deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (movant must produce material evidence that conditions in country of nationality had changed).

Our jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte is limited to contentions of legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We find no legal or constitutional error on the face of the BIA's decision. *See id.* at 1228; *see also United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is

satisfied when later notice provides hearing information).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**